IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUD IMAI, | ) | CIVIL NO. 04-00583 SPK BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | FEDERAL DEFENDANT'S |
| vs. | ) | MOTION TO COMPEL DISCOVERY |
| | ) | |
| R. L. BROWNLEE, Acting Secretary, Department of the Army, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANT'S
<u>MOTION TO COMPEL DISCOVERY</u>

I.   <u>PROCEDURAL HISTORY</u>

On December 1, 2005, Defendant served its First Request for Answers to Interrogatories to Plaintiff and its First Request For Production Of Documents And Things To Plaintiff (collectively "Requested Discovery").  <u>See</u> Exhibits "A" and "B".  In January 2006, Defendant agreed to a thirty day extension of the deadline to respond to the Requested Discovery to February 6, 2006.  <u>See</u> Exhibit "C".

In February 2006, Defendant agreed to an additional 30 day extension of the deadline to respond to the Requested Discovery.  <u>See</u> Exhibit "D".  In April 2006, Defendant agreed to another extension of the deadline to respond to the Requested Discovery to April 28, 2006.  <u>See</u> Exhibit "E".

In August 2006, Defendant inquired about the status of Plaintiff's response to the Requested Discovery.  See Exhibit "F".  On November 15, 2006, counsel for the parties conferred over the overdue discovery via telephone and Plaintiff's counsel agreed to provide Defendant with responses in the near future.  See Declaration of Edric M. Ching at paragraph 9.

By November 22, 2006, Defendant had not been provided with responses to the Requested Discovery.  See Exhibit "G".  In a November 22, 2006 correspondence, Defendant's counsel informed Plaintiff's counsel that it would file a motion to compel if the responses were not provided by November 27, 2006.  Id.  Plaintiff has yet to respond to the Requested Discovery.

II.  ARGUMENT

Rule 37(a)(2)(B), Federal Rules of Civil Procedure ("FRCP") provides:

> If a deposition fails to answer a question propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.  When taking a deposition on oral examination, the proponent of the question may complete

      or adjourn the examination before applying for an order.

See Rule 37(a)(2)(B), FRCP

      In this case, Plaintiff has yet to respond to the Discovery Requests (which were submitted pursuant to Rules 33 and 34, FRCP) despite numerous extensions agreed upon by Defendant. Even after Defendant made a good faith effort to obtain responses to the Discovery Requests, Plaintiff has still declined to provide said responses.  At this point, the responses to the Discovery Requests are nearly one year overdue.  Further delay in responding to the Discovery Requests would prejudice Defendant as the dispositive motions deadline is approaching and Defendant needs the Discovery Requests responses prior to taking Plaintiff's deposition.

III. CONCLUSION

      Based on the foregoing, Defendant requests that the Court compel Plaintiff to respond to the Discovery Requests pursuant to Rule 37, FRCP.

      DATED: December 1, 2006, in Honolulu, Hawaii.

                        EDWARD H. KUBO, JR.
                        United States Attorney
                        District of Hawaii

                            /s/ Edric M. Ching
                      By _____
                        EDRIC M. CHING
                        Assistant U.S. Attorney

                        Attorneys for Federal

```
                              Defendant
```

Defendant