IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUD IMAI, ) | CIVIL NO. 04-00583 SPK BMK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF |
| ) | FEDERAL DEFENDANT'S MOTION TO |
| vs. ) | COMPEL DISCOVERY |
| ) | |
| HALE KOA HOTEL; ) | |
| FRANCIS J. HARVEY, ) | |
| Secretary, Department of ) | |
| the Army, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANT'S
SECOND MOTION TO COMPEL DISCOVERY

I.   BACKGROUND

   A.   First Request For Interrogatories To Plaintiff and
        First Request For Production of Documents And Things To
        Plaintiff

   On December 1, 2005, Defendant served his First Request for Answers to Interrogatories to Plaintiff and his First Request For Production Of Documents And Things To Plaintiff (collectively "First Set Of Requested Discovery"). See Exhibits "A" and "B". In January 2006, Defendant agreed to a thirty day extension of the deadline to respond to the First Set Of Requested Discovery to February 6, 2006. See Exhibit "C".

   In February 2006, Defendant agreed to an additional 30 day extension of the deadline to respond to the First Set Of Requested Discovery. See Exhibit "D". In April 2006, Defendant agreed to another extension of the deadline to respond to the

First Set Of Requested Discovery to April 28, 2006.  See Exhibit "E".

In August 2006, Defendant inquired about the status of Plaintiff's response to the First Set Of Requested Discovery. See Exhibit "F".  On November 15, 2006, counsel for the parties conferred over the overdue discovery via telephone and Plaintiff's counsel agreed to provide Defendant with said responses in the near future.  See Declaration of Edric M. Ching at paragraph 9.

By November 22, 2006, Defendant had not been provided with responses to the First Set Of Requested Discovery.  See Exhibit "G".  In a November 22, 2006 correspondence, Defendant's counsel informed Plaintiff's counsel that it would file a motion to compel if the said responses were not provided by November 27, 2006.  Id.

On or about December 1, 2006, Defendant filed his Motion to Compel Discovery ("First Motion to Compel") seeking to compel the Plaintiff's responses to the First Set Of Requested Discovery.

Plaintiff provided her responses to the First Set Of Requested Discovery on or about January 13, 2007. See Exhibit "J" and "K".

On January 18, 2007, Defendant's counsel requested complete responses to certain discovery requests made by Defendant. See Exhibit "L".

On or about January 22, 2007, at the hearing for the First Motion to Compel, Defendant withdrew the First Motion to Compel because Plaintiff responded to the First Set of Requested Discovery although some of the responses were not complete.

On March 28, 2007, during a telephonic meet and confer regarding Plaintiff's responses to the First Set Of Requested Discovery, Plaintiff's counsel was informed that a second motion to compel discovery would be filed unless complete responses to certain requests contained in the First Set Of Requested Discovery were provided to Defendant.

B. Defendant's Second Request for Answers to Interrogatories To Plaintiff and Defendant's Second Request For Production of Documents to Plaintiff

On December 1, 2006, Defendant served Defendant's Second Request for Answers to Interrogatories To Plaintiff and Defendant's Second Request For Production of Documents to Plaintiff (collectively "Second Set of Requested Discovery") on Plaintiff. See Exhibits "H" and "I".

During the March 28, 2007 telephonic meet and confer, Plaintiff's counsel was informed that a second motion to compel discovery would be filed unless Plaintiff responded to the Second

Set of Requested Discovery.  To date, no responses were provided to these discovery requests.

II.  ARGUMENT

Rule 37(a)(2)(B), Federal Rules of Civil Procedure ("FRCP") provides:

> If a deponent fails to answer a question propounded or submitted under Rule 30 or 31, or a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a), or a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.  When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before applying for an order.

See Rule 37(a)(2)(B), FRCP

In this case, Plaintiff has yet to provide responses to the above-referenced discovery requests.  Even after Defendant made a good faith effort to obtain responses to the First and Second Sets of Discovery Requests, Plaintiff has still not provide complete responses to these requests.  At this point, the

responses to the First and Second Sets of Discovery Requests are grossly overdue.

Further delay in responding to the above-referenced discovery requests would prejudice Defendant as the dispositive motions deadline is approaching and Defendant needs the these responses prior to taking Plaintiff's deposition.

III. <u>CONCLUSION</u>

Based on the foregoing, Defendant requests that the Court compel Plaintiff to respond to the above-referenced discovery requests pursuant to Rule 37, FRCP.

DATED: May 16, 2007, in Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By  /s/ Edric M. Ching
    _____
    EDRIC M. CHING
    Assistant U.S. Attorney

Attorneys for
    Federal Defendant