ORIGINAL

AO88 (Rev. 12/06) Subpoena in a Civil Case

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 04 2008

at ____ o'clock and ____ min ____ M.
____ BEITIA, CLERK

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF

SAMUD IMAI

V.

FRANCIS J. HARVEY

## SUBPOENA IN A CIVIL CASE

Case Number:[1]  CIVIL 04-00583 SPK BMK

TO:  CUSTODIAN OF BEHAVIORAL HEALTH RECORDS
KAISER PERMANENTE-BEHAVIORAL HEALTH
SERVICES DEPT, 711 KAPIOLANI BLVD
HONOLULU HI  96849        TEL: (808) 432-7600

*Cheryl ____ M.A.*
*CHERYL OCAMO*
*2/27/08  1205 MEDICAL ASSISTAN*

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Kaiser Permanente, Behavioral Health Services Dept  1441 Kapiolani Blvd., Suite 1600, Honolulu HI  96814 | DATE AND TIME  3/19/2008 9:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Originals or complete and legible copies of the entire record, including all billings and radiology report/s-rays, of SAMUD IMAI.

| PLACE      Kaiser Permanente, Behavioral Health Services Dept  1441 Kapiolani Blvd., Suite 1600, Honolulu HI  96814 | DATE AND TIME  3/19/2008 9:30 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  2/19/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
EDRIC M. CHING ESQ, Assistant U.S. Attorney
Rm 6-100 PJKK Federal Bldg., 300 Ala Moana Blvd., Honolulu HI 96850-6100  Tel: (808) 541-2850

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev.  12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/27/2008 @ 12:05 PM | 1401 KAPIOLANI BLVD. S-1600, HONOLULU HI. 96814 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| CUSOTODIAN OF BEHAVIORAL HEALTH RECORDS KAISER PERMANENTE BEHAVIORAL HEALTH SERVICES DEPT. | SERVED THROUGH CHERYL OCHNOO MEDICAL ASSISTANT |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| A. SHANNON | AGENT |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    FEBRUARY 28, 2008
_____
DATE

_____
SIGNATURE OF SERVER

629 AKOAKOA STREET, KAILUA HI. 96734
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## PATIENT AUTHORIZATION TO RELEASE MEDICAL INFORMATION

| TO: | PATIENT: | RELEASE TO: |
|---|---|---|
| **KAISER PERMANENTE BEHAVIORAL HEALTH SERVICES DEPT 1441 KAPIOLANI BLVD SUITE 1600 HONOLULU HI 96814 TEL: (808) 432-7600** | NAME:     **SAMUD IMAI** BIRTH DATE: ▓▓▓▓▓ | **Only the designated court reporter under agreed-to conditions (attached)** |

**INFORMATION REQUESTED:** I request and authorize the above-named person or class of persons to release the information specified below to representatives of the United States Attorney's Office or the Department of Justice. Any and all records regarding treatment of **SAMUD IMAI,** including but not limited to:

1.  Copy of complete chart, progress notes & interview notes, discharge summaries, operative reports, x-ray & all imagery, laboratory tests, pathology tissue, and all diagnostic studies whether in electronic data or other format. X-ray & all imagery should be provided on CDs, if possible, with appropriate files to provide access and/or open X-ray & imagery.

2.  I agree to the release of the following information should it be contained in my medical record: Acquired Immune Deficiency Syndrome (AIDS) or HIV, Alcohol and/or drug abuse treatment, or behavioral or mental health services.

3.  Billing records.

**PURPOSE(S) OR NEED FOR WHICH INFORMATION IS TO BE USED:**

**IMAI v. HARVEY**, Civil No. 04-00583 SPK BMK

**CERTIFICATION:** I certify that this request has been made voluntarily and that the information given above is accurate to the best of my knowledge. I understand that I may revoke this Authorization at any time, provided that revocation is in writing, except to the extent that action has already been taken in reliance this Authorization. I understand that the doctor, health care provider, or health plan from whom my medical information is requested in this Authorization, may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign this authorization. I understand the potential for the information disclosed pursuant to this Authorization to be subject to redisclosure by the recipient and no longer be protected by the Standards for Privacy of Individually Identifiable Health Information, set forth at 45 CFR Parts 160 and 164.

Patient Authorization to Release Medical Information
**IMAI v. HARVEY**
**CV 04-00583 SPK BMK**
Page 1 of 2

**EXPIRATION:**

Check one:

__X__  This Authorization will automatically expire upon completion of the litigation **IMAI v. HARVEY,** Civil No. 04-00583 SPK BMK  now pending in U.S. District Court for the District of Hawaii.

____  This Authorization will automatically expire upon completion of the administrative claim of _____ filed on _____

____  This Authorization shall be effective until _____.


**OTHER CONDITIONS:**

__X__  A copy of this Authorization or my signature thereon shall be used with the same effectiveness as an original.

__X__  Communications between provider and any representative of the U.S. Attorney's Office/Department of Justice are authorized.  Such communications must be memorialized and provided to my Attorney in this case, Elbridge W. Smith


**SIGNATURE OF PATIENT:** _____

**OR PERSON AUTHORIZED TO SIGN FOR PATIENT:**

JAN 2 3 2008
_____
MONTH/DAY/YEAR

SAMUEL IMAI

*Provide basis of Authorization: _____

**ELBRIDGE W. SMITH**

SMITH HIMMELMANN
Attorneys At Law, A Law Corporation
745 Fort Street, Suite 311
Honolulu, Hawaii  96813
808-523-5050


Patient Authorization to Release Medical Information
**IMAI v. HARVEY**
CV 04-00583 SPK BMK
Page 2 of 2



**U.S. Department of Justice**

*United States Attorney*
*District of Hawaii*

| | |
|---|---|
| PJKK Federal Building | (808) 541-2850 |
| 300 Ala Moana Blvd | FAX (808) 541-2958 |
| Room 6-100 | |
| Honolulu, Hawaii 96850 | |

February 8, 2007



Elbridge W. Smith, Esq.
Smith Himmelmann
745 Fort Street, Suite 311
Honolulu, HI 96813

     Re:  Imai v. Harvey
          Civil No. 04-00583 SPK BMK

Dear Mr. Smith:

     I am writing to follow up on our prior conversations regarding our efforts to obtain Plaintiff's health care records from Kaiser Permanente via subpoena. During the recent status conference, the parties agreed that you would have the opportunity to order and review the records before we ordered the records from the court reporter handling the transaction, Ralph Rosenberg Reporters.

     I have spoken with Rosenberg and they have informed me to issue the standard subpoena and written questions. My office would also submit a letter to Rosenberg detailing our agreement that upon receipt of the records, they are only authorized to release the records to your office upon receipt of your order. You would have a period of time, i.e. fourteen days, to inform Rosenberg that they should not release the documents to my office without a court order.

     If you choose to inform Rosenberg not to release the documents to my office without a court order, you would then prepare a log of the document(s) being withheld (which would include the basis for the document(s) being withheld) and we can seek guidance from Judge Kurren to settle any disagreements that we may have. If you do not inform Rosenberg to not release the records to our office withing the agreed-upon time frame, the documents will be released to my office in the normal course.



**ATTACHMENT**

FEB  9 2007

Elbridge W. Smith, Esq.
February 8, 2007
Page 2

Please contact me at your earliest convenience if you are agreeable to this scenario. Also, as you know, we need Plaintiff's executed consent (which was provided to your office under separate cover) for Kaiser Permanente to release her health care records.

Also, please note that we have not received the complete responses to our first set of interrogatories and first set of request for production of documents. As you may recall, you indicated during the recent status conference that these responses would be forthcoming shortly. Also, we have yet to receive responses to your second set of interrogatories and request for production of documents.

I look forward to receiving a response from you regarding these matters. Thank you for your continued cooperation and courtesy in this matter.

Very truly yours,

EDWARD H. KUBO, JR
United States Attorney
District of Hawaii

By _Edric M. Ching_____
EDRIC M. CHING
Assistant U.S. Attorney

EMC:emc



ATTACHMENT _____