EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

EDRIC M. CHING   #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUD IMAI, | CIVIL NO. 04-00583 BMK |
| Plaintiff, | DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT |
| vs. | OF DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY |
| FRANCIS J. HARVEY, Secretary, Department of the Army; HALE KOA HOTEL, | JUDGMENT; DECLARATION OF KENROCK HIGA; DECLARATION OF WINNIE NEMOTO; DECLARATION OF JOHN LEE; EXHIBITS "A"-"K"; |
| Defendants. | CERTIFICATE OF SERVICE |

DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendant United States of America, by and through its attorneys, Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, and Assistant United States Attorney Edric M. Ching, and hereby submits its separate concise statement of material facts

in support of its Motion to Dismiss and/or for Summary Judgment, which is being filed contemporaneously.

<u>DEFENDANT'S STATEMENT OF FACTS</u>

| | |
|---|---|
| 1. During the period from 1997 to 2000, Plaintiff's performance evaluations, prepared by various Halekoa Hotel ("Hotel") employees who supervised her, indicated that she needed to improve her work product as to the quality and quantity of her work. | Exhibit "B". |
| 2. Since the operations of the Hotel and the tasks needed to maintain the Hotel varied, the custodial employees would receive regular instructions as to what tasks to perform and when to perform these tasks. | Exhibit "A" at 80:14-81:5. |
| 3. Hamlin would coach employees to help their work product reach the quality level expected by Hotel management. | Exhibit "A" at 113:18-113:25. |
| 4. Male Hotel employees who were supervised by Hamlin 1) complained that Hamlin was tough and assigned them too much work, 2) would counsel them regarding their work product and would often scold them if the work product was not satisfactory to Hamlin and 3) would tell male employees what tasks to perform and when to perform these tasks. | Exhibit "A" at 128:19-129:5, 150:21-150:25, 155:9-156:2, 176:15-176:25, 178:7-178:11. |

| | |
|---|---|
| 5. In December 2000, John Lee, the Director of Rooms at the Hotel, conducted an informal investigation and concluded that Plaintiff had a lighter work load than her male co-employees and that Hamlin used the same tone of voice to male and female employees. | Exhibit "A" at 127:19-128:2, 128:14-129:12. |
| 6. The master #2 key, which was attached to a red lanyard, opened all the guest rooms in the Maile Tower and the executive offices at the Hotel. | Exhibit "C" at 66:1-66:20' Exhibit "D". |
| 7. The #41 was attached to a green lanyard and could open the office door in the Hotel. | Exhibit "C" at 114:2-115:2; Exhibit "D". |
| 8. During the evening of January 5, 2003, Plaintiff was cleaning the food and beverage office with Hamlin, Lelis and Manginsay. | Exhibit "C" at 22:2-23:2; 113:13-114:9. |
| 9. Hamlin mistakenly left the #2 master key in the doorknob of the food and beverage office. | Exhibit "C" at 113:15-113:24. |
| 10. Hamlin, Manginsay and Lelis left the food and beverage room and Plaintiff was the last person in the food and beverage office, at which time she was given the #41 key. | Exhibit "C" at 23:12-23:23; 114:23-115:2; 115:18-115:18. |

| | |
|---|---|
| 11.  Approximately half an hour later, Hamlin realized that she did not have her #2 master key and retrieved the #41 key from the clerk's office to open the door to the food and beverage office and other offices in an attempt to locate the #2 master key. | Exhibit "C" at 116:3-116:15; 157:10-159:11. |
| 12.  During their search for the master key, Hamlin and Lelis asked Plaintiff whether she possessed the #2 master key and she answered in the negative. | Exhibit "C" at 119:6-119:15; 161:10-161:19. |
| 13.  Plaintiff claimed that she entered the travel office after leaving the food and beverage office. | Exhibit "C" at 75:18-77:14. |
| 14.  A security camera caught Plaintiff walking toward the Maile tower dumpster carrying a red lanyard and a bag of garbage and Plaintiff admitted that she threw objects into the dumpster. | Exhibit "H" at 238:5-239:4; Exhibit "C" at 72:12-72:23; 73:15-74:24; Exhibit "F" and "G". |
| 15.  During the morning of January 6, 2003, Leandro Abaggo, a Hotel custodial work found the #2 master key in the Maile Tower Dumpster. | Exhibit "F" at 10:24-15:11. |
| 16.  Nemoto and Lee, the proposing official and deciding official for the investigation of Plaintiff as to the missing master #2 key on January 5, 2003, respectively, concluded that Plaintiff should be terminated based on a violation of trust. | Exhibit "H" at 240:20-241:12 and Exhibit "C" at 80:24-82:25. |

4

| | |
|---|---|
| 17. In making her recommendation, Nemoto interviewed, Lelis, Hamlin, Abaggo and Plaintiff and also reviewed the CCTV tape taken on January 5, 2003. | Exhibit "C" at 68:11-68:25, 69:11-70:13, 72:12-72:23, 73:4-73:14 and Exhibits "F" and "G". |
| 18. In making his determination to terminate Plaintiff, Lee reviewed the CCTV tape and statements made by Lelis and Hamlin. | Exhibit "H" at 238:5-239:4, 239:21-240:14. |
| 19. Neither Nemoto nor Lee considered Plaintiff's race, national origin, sex or prior EEO activity in reaching their respective conclusions. | Exhibit "H" at 247:11-247:15, 248:2-248:5; Exhibit "C" at 83:7-84:6 |
| 20. Plaintiff sustained injuries related to the use of heavy equipment and from cleaning a room that smelled of Clorox in October 1997. | Amended Complaint at paragraphs 13 and 15. |
| 21. Plaintiff initially contacted an Equal Employment Opportunity ("EEO") counselor on December 12, 2000. | Amended Complaint at paragraph 46(a) |

DATED: September 3, 2008, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Edric M. Ching

By_____
  EDRIC M. CHING
  Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUD IMAI, | ) | CIVIL NO. 04-00583 BMK |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| FRANCIS J. HARVEY, | ) | |
| Secretary, Department of | ) | |
| the Army; HALE KOA HOTEL, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served upon the following persons at their last known addresses:

Served Electronically through CM/ECF:

    Elbridge W. Smith, Esq.
        shlaw@hawaii.rr.com
        marcelle@shlaw.us
        ew@shlaw.us

Served by First Class Mail:

    Raymond W. Laing
    Attorney at Law
    470 Meadow Way
    San Geronimo, CA 94903

    Attorneys for Plaintiff

Served by First Class Mail - Exhibit G

    Elbridge W. Smith
    Smith Himmelmann
    745 Fort Street Mall, Suite 311
    Honolulu, Hawaii  96813-3803

```
     Raymond W. Laing
     Attorney at Law
     470 Meadow Way
     San Geronimo, CA 94903
```

DATED:   September 3, 2008, at Honolulu, Hawaii.

                                        /s/ Edric M. Ching
                                        _____